**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **PACKET TREAD LLC,** | |
| **Plaintiff,** | **Civil Action No. 5:16-cv-** |
| **v.** | **JURY TRIAL DEMANDED** |
| **KVH INDUSTRIES, INC.,** | |
| **Defendant.** | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Packet Tread LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

**THE PARTIES**

1.      Plaintiff Packet Tread LLC is a Texas limited liability company with a principal office at 1400 Preston Rd, Suite 485, Plano, Texas 75093.

2.      Defendant KVH Industries, Inc., is a Delaware corporation with a principal office at 50 Enterprise Center, Middletown, Rhode Island 02842.  Defendant's registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

3.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.      Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial

District; and (iii) Defendant regularly solicits business, engages in other persistent courses of

conduct, or derives revenue from goods and services provided to individuals in this Judicial

District.

6.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and

1400(b).

## THE PATENT-IN-SUIT

7.      On October 30, 2001, the U.S. Patent and Trademark Office duly and lawfully

issued U.S. Patent No. 6,310,864 ("the 864 patent"), titled "Voice Echo Cancellation for SVD

Modems." *See* Exhibit A.

8.      Plaintiff is the owner and assignee of all substantial rights, title, and interest in

and to the 864 patent, including the right to assert all causes of action arising under the patent

and the right to sue for all past and future remedies for infringement of the patent.

## THE ACCUSED PRODUCTS

9.      Defendant makes, uses, sells, offers for sale, or imports one or more products that

infringe one or more claims of the 864 patent.

10.     Defendant's Accused Products are its TracPhone FB250 and TracPhone FB500.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,310,864

11.     Plaintiff incorporates by reference each of its foregoing allegations.

12.     Plaintiff conducted a pre-filing investigation, comparing the Accused Products to

one or more claims of the 864 patent.

13.     Based on Plaintiff's pre-filing investigation, without license or authorization and

in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 864

patent in this District and/or throughout the United States, literally or under the doctrine of

equivalents, through its testing and use of the Accused Products before releasing them for sale to

the public.

14.     Defendant directly infringes at least Claim 7 of the 864 patent in violation of 35 U.S.C. § 271(a) by, among other things, testing and using within this District and/or the United States its Accused Products, which under Claim 7 of the 864 patent provides a method of electrical communication via a first simultaneous voice and data modem (*e.g., in a first Accused Product*) associated with a switching hub of a communications network (*e.g., the Broadband Global Area Network*), comprising the steps of:

transmitting (*e.g., from the first Accused Product, which may be the FB250 or FB500*) and receiving (*e.g., at a second Accused Product, which may be the FB250 or FB500 when the Accused Products communicate with each other*) a modulated simultaneous voice and data signal using the first simultaneous voice and data modem (*e.g., in the first Accused Product*) to and from a second simultaneous voice and data modem (*e.g., in the second Accused Product*) located at an endpoint of the communications network;

transmitting (*e.g., from the first Accused Product*) and receiving (*e.g., at the second Accused Product when the Accused Products communicate with each other*) a voice signal using the first simultaneous voice and data modem (*e.g., in the first Accused Product*) to and from a communications device (*e.g., the second Accused Product*) via a switching network;

transmitting (*e.g., from the first Accused Product*) and receiving (*e.g., at the second Accused Product when the Accused Products communicate with each other*) a data signal using the first simultaneous voice and data modem (*e.g., in the first Accused Product*); and

canceling a voice echo originating in the switching network using an echo canceler associated with the first simultaneous voice and data modem (*e.g., in the first Accused Product*), the voice echo experiencing a delay resulting from the modulation and demodulation of the simultaneous voice and data signal in the first simultaneous voice and data modem (*e.g., in the first Accused Product*) and the second simultaneous voice

and data modem (*e.g., in the second Accused Product when the Accused Products communicate with each other*).

15.     Claim 7 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

16.     A person of ordinary skill in the art understands Plaintiff's theory of how Defendant directly infringes at least Claim 7 of the 864 patent through its testing and use of the Accused Products upon a plain reading of this Complaint, the 481 patent, and at least Claim 7.

17.     Since at least the date that Defendant was served with a copy of Plaintiff's Original Complaint for Patent Infringement, Defendant has known that it is directly infringing one or more claims of the 864 patent through its testing and use of the Accused Products.

18.     Plaintiff reserves the right to modify its direct infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint.

19.     Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

## COUNT II
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 6,310,864

20.     Plaintiff incorporates by reference each of its foregoing allegations.

21.     Without license or authorization and in violation of 35 U.S.C. § 271(b), Defendant is inducing direct infringement of one or more claims of the 864 patent in this District and/or throughout the United States by providing its customers with instructions that are provided and sold with the Accused Products that explain how to use the Accused Products and directly infringe at least Claim 7, as detailed above.

22.     Since at least the date that Defendant was served with a copy of Plaintiff's Original Complaint for Patent Infringement, Defendant has known of the 864 patent and along with providing instructions on how to use the Accused Products, it has known that it is inducing direct infringement of at least Claim 7 of the 864 patent by its customers.

23.     If Defendant does not know that it has been inducing direct infringement by its customers through their use of Defendant's instructions on how to use the Accused Products since being served with Plaintiff's Original Complaint for Patent Infringement, Defendant has taken deliberate actions to remain willfully blind and avoid learning about its inducing direct infringement.

24.     Since at least the date that Defendant was served with a copy of Plaintiff's Original Complaint for Patent Infringement, Defendant has specifically intended to induce direct infringement of the 864 patent by providing instructions on how its customers are to use the Accused Products based on its knowledge of the 864 patent and at least Claim 7.

25.     A person of ordinary skill in the art understands Plaintiff's theory of how Defendant is inducing its customers to directly infringe at least Claim 7 upon a plain reading of this Complaint, the 864 patent, and at least Claim 7.

26.     Plaintiff reserves the right to modify its induced infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint.

27.     Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.     Judgment that Defendant has infringed the 864 patent under 35 U.S.C. §§ 271(a) and (b);

B.     An accounting of all infringing acts including, but not limited to, those acts not presented at trial.

C.     An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D.      Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E.      Such further relief at law or in equity that this Court deems just and proper.

### **<u>JURY TRIAL DEMAND</u>**

Plaintiff demands a trial by jury on all claims and issues so triable.


Dated: January 3, 2017                         Respectfully submitted,

_____

Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Packet Tread LLC*